UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PCS NITROGEN FERTILIZER, L.P.                     CIVIL ACTION NO.

VERSUS                                             20-856-SDD-EWD

PROVIDENCE ENGINEERING AND
ENVIRONMENTAL GROUP, LLC,
ET AL.

## NOTICE AND ORDER

On December 18, 2020, PCS Nitrogen Fertilizer, L.P. ("Plaintiff") filed its Complaint ("Complaint") against Providence Engineering and Environmental Group, LLC ("Providence") and Crum & Forster Specialty Insurance Company ("Crum") (collectively, "Defendants") in this Court, alleging that Providence breached an agreement with Plaintiff and/or was negligent in its performance thereunder and asserting claims for damages against Providence and Crum, as Providence's commercial general liability insurer.[1] Plaintiff asserts that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2] However, citizenship has not been adequately alleged in the Complaint.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. With respect to the amount in controversy, Plaintiff specifically pleads that the amount in controversy exceeds $75,000, exclusive of interest and costs.[3] Therefore, the amount in controversy is met.

---

[1] R. Doc. 1, ¶¶ 30-36.
[2] R. Doc. 1, ¶ 3.
[3] R. Doc. 1, ¶ 3.

The Complaint properly alleges that Plaintiff is a limited partnership whose citizenship is determined by that of each of its partners, namely: (a) PCS Nitrogen Fertilizer Operations, Inc., which is a corporation organized in Delaware with its principal business place of business in Illinois, and (b) PCS L.P., L.L.C. 2, which is a limited liability company wholly owned by PCS, L.C., Inc., also a corporation organized in Delaware with its principal place of business in Illinois. Therefore, Plaintiff is a citizen of Delaware and Illinois.[4] Likewise, the Complaint properly alleges that Crum is a citizen of Texas because its place of organization and principal place of business is in Texas.[5] However with respect to Providence, Paragraph 5 of the Complaint provides, as follows:

> 5.
>
> Providence Engineering and Environmental Group, LLC is a limited liability company organized under the laws of the State of Louisiana. Upon information and belief, each member of Providence Engineering and Environmental Group, LLC is a citizen of the State of Louisiana; therefore, for purposes of diversity jurisdiction, Providence Engineering and Environmental Group, LLC is a citizen of Louisiana.

For purposes of diversity, "the citizenship of a limited liability company is determined by the citizenship of all of its members."[6] Allegations that members of limited liability companies are "citizens of Louisiana" are insufficient. The members must be specifically identified.[7]

---

[4] R. Doc. 1, ¶ 4. It is presumed that "wholly owned" indicates that the sole member of PCS L.P., L.L.C. 2 is PCS, L.C., Inc. If that is not correct, the citizenship allegations regarding PCS L.P., L.L.C. 2 will also need to be corrected.
[5] R. Doc. 1, ¶ 6.
[6] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[7] *Nunez v. ACE Am. Ins. Co.,* No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), *report and recommendation adopted,* No. 17-1593, 2018 WL 493398 (M.D. La. Jan. 16, 2018) ("Without setting forth each member of USAL Holdings, LLC distinctly, and alleging the citizenship of such member in accordance with the rules applicable to that particular member, the court is unable to determine whether federal subject matter jurisdiction exists. Though USAL previously argued it is not required to distinctly identify the members of USAL Holdings, LLC, the weight of authority on that issue is to the contrary. *See*, *Cavender Enterprise Leasing Family, LLC v. First States Investors 4200 LLC*, 2011 WL 3664563, at **1 and 3 (explaining that "simply because Delaware does not require limited liability companies to disclose their membership does not relieve plaintiff of its burden to properly allege diversity jurisdiction" and finding that "plaintiff has failed to affirmatively identify the LLC's, limited partnerships,

Negative allegations of citizenship, *i.e*., "none of the members are citizens of" a state, are also insufficient, as citizenship must be affirmatively alleged.[8] Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company.[9]

The Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether there is complete diversity of citizenship among the parties.[10]

Accordingly,

**IT IS ORDERED** that, on or before **January 4, 2021,** Plaintiff PCS Nitrogen Fertilizer, LP shall file a motion to substitute its Complaint[11] with a proposed pleading that is a comprehensive amended Complaint (*i.e*., includes all of Plaintiff's numbered allegations, as revised,

---

and real estate investment trusts that comprise the membership of First States, or the members and citizenship of these undisclosed entities. Instead, plaintiff alleges that none of these members have a principal place of business in Tennessee, and that they are ultimately owned by a corporation."); *BNSF Logistics, LLC v. Energo, LLC*, No. 15-2694, 2015 WL 12731754, at *1 (N.D. Tex. Aug. 31, 2015) ("Because BNSF and Energo are alleged to be limited liability companies, BNSF must identify and properly allege the citizenship of all members of BNSF and Energo. Until BNSF identifies and alleges the citizenship of all of its members and of all members of Energo, this court is not shown to have subject matter jurisdiction.") (internal citations omitted); *Sourcing Management, Inc. v. Simclar, Inc.*, No. 14-2552, 2015 WL 2212344, at *3 (N.D. Tex. May 12, 2015) ("Plaintiff fails to allege the names or citizenship of Balmoral's members that are required as a matter of law to plead the citizenship of a limited liability company."). *See also Gabler v. HA Housing, LP*, No. 12-02671, 2012 WL 4856734, at 2 (D. Colo. Oct. 12, 2012) ("By failing to specifically identify the citizenship and name of each of its members and those of Kier, defendant fails to establish complete diversity."). *See also Advocate Fin., L.L.C. v. Maher,* No. 10-24, 2010 WL 2522636, at *2 (M.D. La. June 15, 2010) (Plaintiff must identify each member of the defendant law firm limited liability company and allege their individual citizenships, *citing Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008)).

[8] *Truxillo v. American Zurich Ins. Co*., 2016 WL 6987127, at *6 (M.D. La. Oct. 24, 2016) (*citing Constance v. Austral Oil Explorations Co., Inc.,* 2013 WL 495779, at *3 (W.D. La. Feb. 3, 2013)). "When jurisdiction is based on diversity, we adhere strictly to the rule that citizenship of the parties must be 'distinctly and affirmatively alleged." *Mullins v. Testamerica, Inc*., 300 Fed. Appx. 259, 259 (5th Cir. 2008) (*quoting Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[9] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

[10] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

[11] R. Doc. 1.

supplemented, and/or amended), which adequately alleges the citizenship of all parties to establish that the Court has diversity jurisdiction over the case, and which will become the operative Complaint in this matter without reference to any other document in the record.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on December 23, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**